**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAT INDUSTRIES, LLC, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMPBELL HAUSFELD, LLC, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff MAT Industries, LLC ("MAT Industries") complains of Campbell Hausfeld, LLC ("Campbell Hausfeld") as follows:

### SUMMARY

1.      MAT Industries seeks financial and nationwide injunctive relief to stop Campbell Hausfeld from making false and/or misleading misrepresentations about a critical specification for certain of its air compressors; namely, the volume of air the compressors deliver at a certain pressure.

2.      Campbell Hausfeld advertises that its 60-gallon air compressors deliver 11 standard cubic feet of air per minute at 90 PSI. On information and belief, however, Campbell Hausfeld's 60-gallon unit delivers no more than 7.9 standard cubic feet of air per minute at 90 PSI – a 28% negative difference from what Campbell Hausfeld advertises.

3.      Campbell Hausfeld's misrepresentation is particularly egregious because Campbell Hausfeld states on its website that the volume of air a compressor delivers is "the most important" specification for air compressors.

DMS 15978294.3

4.     Campbell Hausfeld's misrepresentation also creates the mistaken impression that MAT Industries' directly competitive 60-gallon air compressors are a lesser value than Campbell Hausfeld's 60-gallon air compressors, thereby compounding the effect of Campbell Hausfeld's unlawful conduct and diverting sales from MAT Industries.

## THE PARTIES

5.     MAT Industries is an Illinois limited liability company with an office in Long Grove, Illinois.

6.     Campbell Hausfeld is, on information and belief, a Delaware limited liability company with an office in Harrison, Ohio.

7.     This Court has personal jurisdiction over Campbell Hausfeld because, on information and belief: Campbell Hausfeld transacts business in this District, including selling the air compressors that are the subject of this action; and Campbell Hausfeld regularly does and solicits business, and derives revenue from doing business, in this District, where at least some of Campbell Hausfeld's wrongful acts complained of herein take place, and have taken place.

## SUBJECT MATTER JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action, because this action: (a) arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b); (b) involves citizens of different States and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332(a); and (c) involves Illinois state law claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, thereby giving the Court supplemental jurisdiction over the claims under 28 U.S.C. § 1367(a).

2

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because: Campbell Hausfeld offers for sale, sells, and distributes, and has offered for sale, sold, and distributed in this District, the air compressors that are the subject of this action; the claims alleged in this action arose, at least in part, in this District; MAT Industries' principal place of business is in this District; and Campbell Hausfeld transacts business in this District.

### MAT INDUSTRIES' AIR COMPRESSORS

10.     MAT Industries manufactures a broad line of air compressors that it sells under various brands, including POWERMATE, PROFORCE, INDUSTRIAL AIR, INDUSTRIAL AIR CONTRACTOR, and established private label names. MAT Industries sells its air compressors to home centers (*e.g.*, Home Depot, Tractor Supply Company), hardware stores, farm co-ops, industrial distributors across North America, and through Amazon. MAT Industries also offers product development, engineering, marketing services, and other assistance to help consumers and contractors choose the right air compressor for the job. MAT Industries' air compressors are nationally recognized for their quality, durability, and reliability.

11.     Air compressors are used for a wide range of jobs, from powering small tools such as nail guns and bicycle tire inflators to powering pneumatic jackhammers at construction sites. Air compressors store potential energy in the form of compressed (*i.e.*, pressurized) air. The more compressed air in a given-sized storage tank, the higher the pressure and the greater the energy available for use.

DMS 15978294.3

12.     Among the most important specifications for air compressors is the volume of air delivered by the compressor to the tool. The volume is measured in terms of "standard cubic feet per minute" or "SCFM." An air compressor's SCFM determines whether it is the right "fit" for the job. An air compressor that does not produce enough air relative to selected air tools will not work optimally.  For example, an air compressor with an actual SCFM value 20% lower than its advertised value may work fine for nail guns, but may fall short of the user's expectation if two people use pneumatic impact guns at the same time to remove car seats in a car restoration in their garage. SCFM values are typically taken at a pressure of 90 PSI for single-stage air compressors, which compress air in the pump only once before discharge to the tank, and 100 PSI for two-stage air compressors, which compress air in the pump twice before discharge.

13.     Among the air compressors MAT Industries sells is a 60-gallon INDUSTRIAL AIR unit, model #IV5076055 with an SCFM value of 15.3 at 100 PSI. It costs at least $1,000 to end users.

14.     MAT Industries has spent substantial financial and other resources developing, maintaining, and growing its air compressor business.

### CAMPBELL HAUSFELD'S WRONGFUL CONDUCT

15.     Campbell Hausfeld and MAT Industries directly compete with one another in the air compressor market, including the market for 60-gallon "two-stage" air compressors that are typically sold for commercial or industrial purposes. Campbell Hausfeld manufactures and sells air compressors to retailers under the CAMPBELL HAUSFELD brand, and air compressors that its retail partners sell under private label brands, such as the KOBALT brand at Lowe's.

4

16.     Among the air compressors Campbell Hausfeld manufactures and sells is a 60-gallon unit, model #XC602000. Campbell Hausfeld publicly represents in materials that it distributes to relevant consumers in U.S. commerce that its unit has an SCFM value of 11 at 90 PSI. *See*, *e.g.*, **Exh. A**, a page from Campbell Hausfeld's website (red rectangle added), and **Exh. B**, a photograph of a label on the air compressor itself (red ovals added).

17.     On information and belief, Campbell Hausfeld's 60-gallon air compressor has an SCFM value of no greater than 7.9. The difference between 11.0 and 7.9 represents a 28% negative variance between the actual SCFM value and the incorrect SCFM value that Campbell Hausfeld publicly represents.

18.     Campbell Hausfeld admits the materiality of the SCFM value, describing it as "the most important rating when choosing an air compressor." *See* **Exh. C**, a page from Campbell Hausfeld's website https://www.campbellhausfeld.com/understanding-air-compressor-ratings.html. A 28% variance in the SCFM value is indisputably material, meaning that it is likely to influence the purchasing decision of the relevant consuming public.[1]

---

[1] The volume of air delivered by a compressor can also be measured as "cubic feet per minute" or "CFM." CFM values are always smaller than SCFM values at a given pressure, as Campbell Hausfeld recognizes. *See* Exh. C, page2: "cfm will be a smaller number than scfm." If Campbell Hausfeld's 11.0 value corresponds to CFM, then the magnitude of Campbell Hausfeld's misrepresentation is even greater than the 28% negative variance.

Test results under ISO 1217, which sets forth the standard protocol for measuring the volume of air produce by an air compressor, have a 7% manufacturing variability allowance. If Campbell Hausfeld took full advantage of the 7% allowance in arriving at the 11.0 SCFM value, then the non-adjusted value was 10.28. That still represents a 24% negative variance from the actual 7.9 SCFM value.

5

19.     Campbell Hausfeld holds itself out to the relevant consuming public as having "expert knowledge of air power." (https://www.campbellhausfeld.com/about-us.html.) As a professed expert, Campbell Hausfeld should have carefully and diligently subjected its air compressors to reliable testing before making representations on their SCFM value. On information and belief, before representing its air compressors' SCFM value, Campbell Hausfeld either did not test, or it did not use reliable methods to test, its air compressors. In either case, Campbell Hausfeld made the misrepresentations willfully, deliberately, and intentionally.

### COUNT I: FALSE ADVERTISING UNDER 15 U.S.C. § 1125(b)

20.     MAT Industries realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21.     Campbell Hausfeld has made, currently makes, and unless enjoined by this Court, will continue to make false and/or misleading descriptions and/or representations of fact in commercial advertising and promotion that misrepresent the characteristics and qualities of Campbell Hausfeld's 60-gallon air compressor.

22.     Campbell Hausfeld's false and/or misleading statements actually deceive, or have the tendency to deceive, a substantial segment of the relevant consuming public.

23.     Campbell Hausfeld's false and/or misleading statements are material in that they are likely to influence the purchasing decision of retailers, who in turn sell to consumers whose purchasing decisions are similarly likely to be influenced by the statements.

DMS 15978294.3

24.     Campbell Hausfeld's false and/or misleading statements affect interstate commerce because Campbell Hausfeld ships its products nationwide and publishes the statements in nationwide advertising and promotion, including but not limited to on its website. *See*, *e.g.*, https://www.campbellhausfeld.com/air-compressor-2-stage-60-gallon-vertical-oil-lubricated-11-cfm-3-7hp-xc602100-.html.

25.     As an actual and proximate result of Campbell Hausfeld's false and/or misleading statements, MAT Industries has been, and will continue to be, injured through diversion of sales from MAT Industries to Campbell Hausfeld and through harm to MAT Industries' reputation and goodwill as MAT Industries' air compressors are made to appear of lesser quality and/or value when compared to Campbell Hausfeld's air compressors that it advertises and promotes using false and misleading SCFM data.

26.     MAT Industries has lost sales of its air compressors because retailers and consumers, in reliance on Campbell Hausfeld's false and misleading statements, have purchased Campbell Hausfeld's 60-gallon compressor, which Campbell Hausfeld and its retailer customers offer for less money than MAT Industries' competitive 60-gallon air compressors.

27.     The legal remedies available to MAT Industries are alone inadequate to remedy and compensate MAT Industries for the injuries it has sustained, is sustaining, and if not enjoined will continue to sustain by Campbell Hausfeld's unlawful conduct.

## COUNT II: VIOLATION OF ILLINOIS' DECEPTIVE TRADE PRACTICES ACT

28.     MAT Industries realleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

DMS 15978294.3

29.     Section 2(a) of Illinois' Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq*., provides, in relevant part:

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: (5) represents that goods … have … characteristics, … uses, benefits, or quantities that they do not have … ; (7) represents that goods … are of a particular standard, quality, or grade … ; [or] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

30.     Campbell Hausfeld's dissemination of inaccurate information on the SCFM value of its 60-gallon air compressor violates § 2(a) by: misrepresenting the characteristics, uses, benefits, and quantities of the air compressor; representing that the air compressor is of a particular standard, quality, or grade that it does not possess; and by creating a likelihood of confusion or misunderstanding.

## COUNT III: VIOLATION OF ILLINOIS' CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31.     MAT Industries realleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32.     Section 2 of Illinois' Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS § 505/1 *et seq*., provides, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

8

33.     Campbell Hausfeld's dissemination of inaccurate information on the SCFM value of its 60-gallon air compressors violates § 2 by using or employing deception, fraud, false promise, and misrepresentation with the intent that others rely thereon in its sale of the air compressors.

34.     Campbell Hausfeld's dissemination of inaccurate information on the SCFM value of its 60-gallon air compressors has caused MAT Industries to suffer actual damage by, among other things, lost sales and damage to its reputation and to the reputation of its directly competitive air compressors.

## PRAYER FOR RELIEF

WHEREFORE, MAT Industries respectfully requests that the Court:

1) Issue a judgment finding that Campbell Hausfeld:

   a) engaged in false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125;

   b) violated Illinois' Deceptive Trade Practices Act, 815 ILCS § 510/2(a); and

   c) violated Illinois' Consumer Fraud and Deceptive Business Practices Act 815 ILCS § 505/2.

2) Issue a preliminary and permanent injunction enjoining and restraining Campbell Hausfeld and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or on behalf of Campbell Hausfeld, from engaging in the acts complained of herein.

3) Issue a mandatory injunction requiring that Campbell Hausfeld advise all purchasers (including retailers and end-users) that the SCFM value for its 60-gallon air compressor (#XC602100) is no greater than 7.9, or whatever lesser value the proofs at trial may show.

9

4) Award MAT Industries' damages caused by Campbell Hausfeld's unlawful actions, as provided for in, without limitation, 15 U.S.C. § 1117(a).

5) Increase the damages award up to three times for the willful, deliberate, and intentional nature of Campbell Hausfeld's unlawful actions as provided for in, without limitation, 15 U.S.C. § 1117(a).

6) Disgorge Campbell Hausfeld's profits resulting from its unlawful actions, as provided for in, without limitation, 15 U.S.C. § 1117.

7) Increase the disgorgement award in an amount the Court deems just for the willful, deliberate, and intentional nature of Campbell Hausfeld's unlawful actions as provided for in, without limitation, 15 U.S.C. § 1117(a).

8) Award MAT Industries' reasonable attorneys' fees as provided for in, without limitation, 15 U.S.C. § 1117(a).

9) Award costs and fees that MAT Industries will incur to run any corrective advertising to counteract the effects of Campbell Hausfeld's unlawful actions, or 25% of the monies Campbell Hausfeld has spent advertising and promoting its air compressors with false and misleading information, whichever is greater.

10) Award exemplary or punitive damages in an amount appropriate to punish Campbell Hausfeld for its willful, deliberate, and intentional unlawful actions.

11) Award of costs and fees MAT Industries incurs from these proceedings.

12) Award pre- and post-judgment interest.

13) Grant such further relief that the Court deems appropriate.

DMS 15978294.3

## **DEMAND FOR TRIAL BY JURY**

MAT Industries hereby demands a trial by jury to decide all issues triable in this case.


Respectfully submitted,

*/s/ John Gabrielides*
John Gabrielides
Mark L. Durbin
Philip A. Jones
Genevieve E. Charlton
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833

*Attorneys for Plaintiffs*

11